UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

STEPHANIE GITNIK, individually and on
behalf of all others similarly situated,

                      Plaintiff,              07 CIV 1244 (MDF)

                                             DECISION AND ORDER
      -against-                     AMENDING REPORT
                                             AND RECOMMENDATION

HOME DEPOT U.S.A., INC., d/b/a
The Home Depot,

                      Defendant.
---------------------------------------------------------------X

MARK D. FOX, United States Magistrate Judge

      In February 2007, Stephanie Gitnik ("Plaintiff") commenced this purported class action for breach of contract, alleging that Home Depot U.S.A. ("Home Depot" or "Defendant") overcharged her and others similarly situated for the purchase of carpet installation services. Home Depot moves to dismiss Plaintiff's complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). The parties have consented to this Court's determination of this motion pursuant to 28 U.S.C. § 636(c). For the reasons that follow, the Defendant's motion to dismiss is granted.[1]

## BACKGROUND

      Home Depot is in the business of selling and installing carpet. The Complaint alleges that Home Depot responds to consumer inquiries about purchasing carpet by sending a

---

[1] The decision to address a motion to dismiss before acting on class certification is within the district court's discretion, particularly where the plaintiff has not moved to certify the purported class. *See Schweizer v. Trans Union Corp.*, 136 F.3d 233, 239 (2d Cir. 1998) (citations omitted).

representative to consumers' homes to measure the area where the consumer wishes to install carpet. Compl. ¶¶ 15-16. Home Depot then determines the actual area over which carpet will be installed (the "Actual Area"). *Id.* ¶ 17. According to the Complaint, customers who enter into carpet purchase retail contracts with Home Depot must also accept carpet installation services, because these services are made part of the contract with Home Depot. *Id.* ¶ 14.

In Plaintiff's case, the Complaint alleges that Plaintiff and Home Depot entered into a written agreement (the "Agreement") whereby Home Depot agreed to provide Plaintiff with carpet and related installation services at an agreed price. *Id.* ¶¶ 23-24. Plaintiff alleges that the Agreement provides that Defendant would charge Plaintiff $6.57 per square foot for "carpet installation labor," based on an estimate of the room's dimensions.[2] Plaintiff claims that she was overcharged because Defendant instead based its carpet installation service charges on the measure of the carpet purchased, which was greater than the dimensions of the room. *Id.* ¶¶ 25-26. This excess measure is generally known in the industry as "overage," and Plaintiff does not dispute that for a variety of reasons, a customer who purchases wall-to-wall carpeting must order approximately 10% to 30% more carpet than would cover the area to be carpeted, or Actual Area. This measure – the Actual Area plus the overage – is referred to as the "Quoted Measured Area." *Id.* ¶¶ 20-21; *see* Mem. of Law in Opp'n to Mot. to Dismiss at 3.

Based on these factual allegations, Plaintiff asserts a claim for breach of contract. In response to the Complaint, Home Depot moves to dismiss for failure to state a claim.

---

[2] Defendant asserts that the Agreement specifies that the unit of measurement for the carpeting is square yards (apparently based on the acronym "SY" in a column labeled "UM" on the Agreement). *See* Affidavit of Dwight J. Davis ("Davis Aff."), Ex. 2 at 2. Plaintiff also refers to this unit of measurement as square yards in her brief. Mem. of Law in Opp'n to Mot. to Dismiss at 4.

**DISCUSSION**

I.      Rule 12(b)(6) Standard

In *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007), the Supreme Court reconsidered the standard for deciding a defendant's motion to dismiss, and applied "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007). While *Twombly* did not make clear whether this change from traditional pleading standards applies outside the antitrust context, the Second Circuit has "declined to read *Twombly's* flexible 'plausibility standard' as relating only to antitrust cases." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 n.2 (2d Cir. 2007). Accordingly, a complaint may be dismissed under this standard where it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Johnson & Johnson v. Guidant Corp.*, No. 06 Civ. 7685 (GEL), 2007 WL 2456625, at *4-*5 (S.D.N.Y. Aug. 29, 2007) (quoting *Twombly*, 127 S.Ct. at 1974). Where a plaintiff has not "nudged [its] claims across the line from conceivable to plausible, [its] complaint must be dismissed." *Id.*

Nevertheless, courts must continue to accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *ATSI*, 493 F.3d at 98. The court may also consider any written instrument attached to the complaint, or statements or documents incorporated into the complaint by reference. *Id.*

II.     Breach of Contract

3

The parties do not dispute that there was a valid contract in this case. Plaintiff claims that Home Depot breached its Agreement by charging for installation services in an amount based on the measure of the carpet purchased (the Quoted Measured Area) rather than the dimensions of Plaintiff's room (the Actual Area) as provided by the Agreement. Plaintiff maintains that this breach caused Defendant to overcharge Plaintiff by 10-30%. Mem. of Law in Opp'n to Mot. to Dismiss at 12-15. Defendant counters that Plaintiff's breach of contract claim fails because the Agreement specifically provides that Home Depot use the carpet estimate and not room dimensions to calculate installation cost. Defendant further contends that Plaintiff suffered no damages because Plaintiff voluntarily purchased Defendant's installation services and received the full benefit of the bargain. Mem. of Law in Support of Def.'s Mot. to Dismiss at 4-6.

To state a claim for breach of contract under New York law, a complaint must allege: (1) an agreement; (2) performance by plaintiff; (3) breach by defendant; and (4) damages. *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996). The court's first key inquiry when interpreting a contract is to consider whether the contract is unambiguous with respect to the question disputed by the parties. *Orange Cty. Choppers, Inc. v. Olaes Enters., Inc.*, No. 06 Civ. 7211 (WCC), 2007 WL 2161777, at *6 (S.D.N.Y. July 27, 2007) (citations omitted); *see DKR Capital Inc. v. AIG Int'l West Broadway Fund, Ltd.*, No. 03 Civ. 1568 (JGK), 2003 WL 22283836, at *4 (S.D.N.Y. Oct. 2, 2003) ("Where the intent of the parties is too ambiguous to be gleaned from the contract alone, the Court should receive evidence that might better clarify that intent."). In assessing ambiguity, words and phrases should be given their plain meaning and the contract should be considered in its entirety. *Creative Waste Mgmt., Inc. v. Capitol Envtl. Services, Inc.*, 458 F. Supp. 2d 178, 185-86 (S.D.N.Y. 2006). "Contract terms are not ambiguous if they have a

definite and precise meaning and are not reasonably susceptible to differing interpretations."

*RJE Corp. v. Northville Indus. Corp.*, 329 F.3d 310, 314 (2d Cir. 2003) (citations and internal quotations omitted).

In this case, the Agreement provides first that:

> BASED ON YOUR ESTIMATE OF THE ROOM'S DIMENSIONS, WE WILL ESTIMATE THE TOTAL COST OF YOUR INSTALLATION.

Davis Aff., Ex. 2 at 3. As Defendant recognizes, this provision concerns the preliminary estimate for installation cost – it does not signal that final installation costs would be based on the room's dimensions. Def.'s Reply in Support of Its Mot. to Dismiss at 3. Rather, the Agreement continues:

> WE WILL SCHEDULE A MEASUREMENT APPOINTMENT TO VERIFY THE WORK AND MATERIAL REQUIRED. AFTER THE MEASURE, WE WILL UPDATE YOUR QUOTE. NOTE: THIS AMOUNT CAN CHANGE DUE TO UNFORESEEN CONDITIONS WITH YOUR INSTALLATION.

Davis Aff., Ex. 2 at 3. This provision indicates that final installation costs would not be calculated until Defendant conducted a measurement appointment and that the customer is on notice that the quote can change.

Finally, in reference to both carpet and padding installation charges, the Agreement specifically provides:

> ***WE USE THE CARPET ESTIMATE AS THE QUANTITY FOR PADDING AND CERTAIN LABOR CHARGES. THIS QUANTITY MAY DIFFER FROM THE ACTUAL AREA OF YOUR ROOM. ANY EXCESS MATERIAL WILL BE LEFT AT YOUR HOME UNLESS YOU REQUEST OTHERWISE.***

Davis Aff., Ex. 2 at 4-5. Plaintiff argues that this provision, taken together with the initial provision above regarding estimating the cost of installation, indicates that Defendant's initial quote for carpet installation would be updated based on Defendant's measurement of the room to

5

be carpeted.  However, this provision clearly states that carpet estimate – not room dimensions – would be the basis for determining labor charges in connection with the carpet installation.  Missing is any ambiguity in the Agreement that could be construed to call for room dimensions to serve as the basis for the final installation costs at issue.

Plaintiff further contends that Defendant's failure to define the term "CERTAIN LABOR CHARGES" when there are two separate installation charges – one for carpet installation and one for padding installation – renders this provision ambiguous and subject to more than one interpretation.  *See DKR Capital Inc.*, 2003 WL 22283836, at *3-*4.

However, the Agreement clearly and separately labels the carpet and padding installations as "INSTALLATION #1" and "INSTALLATION #2," respectively, and provides in each instance that the carpet estimate would be used to determine the labor charges.  Davis Aff., Ex. 2 at 2, 4-5.  It is not plausible that labor charges listed under headings entitled "INSTALLATION" would refer to anything other than labor charges for installation, particularly where the only two labor charges in the Agreement – the first charge for carpet installation and the second charge for padding installation – are each identified as "INSTALL LABOR CHARGE."  *Id.* at 2, 5.  Contract terms do not become ambiguous simply because one party is dissatisfied with its position under the plain terms of the agreement.  *Spagnola v. Cubb Corp.*, No. 06 Civ. 9960 (HB), 2007 WL 927198, at *3 (S.D.N.Y. Mar. 27, 2007) (citation and internal quotations omitted).

Because Plaintiff's contention that Defendant breached the Agreement is without merit, the Complaint is dismissed.

**III.    Collateral Estoppel**

In the interest of judicial efficiency, collateral estoppel and *res judicata* can be raised and considered on a pre-trial motion to dismiss. *Sassower v. Abrams*, 833 F. Supp. 253, 264 n.18 (S.D.N.Y. 1993) (citations omitted). In this case, Plaintiff argues that Defendant is estopped from making its motion to dismiss based on the denial in part of Home Depot's motion to dismiss in *Marino v. Home Depot U.S.A., Inc.*, No. 06-80343-CIV (S.D. Fla. Sept. 7, 2006) ("Order"), a similar action involving Home Depot in the Southern District of Florida.

This Court must look to Florida law to determine the preclusive effect of the federal court's judgment in *Marino*. *See Satterfield v. Pfizer, Inc.*, No. 04-CV-3782 (KMW), 2005 WL 1765708, at *10 (S.D.N.Y. July 18, 2005) (citing *Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508-09 (2001)) (the preclusive effect of a decision by a federal court sitting in diversity is determined by the law of the state in which the district court sits); *NAS Elecs., Inc. v. Transtech Elecs. PTE Ltd.*, 262 F. Supp. 2d 134, 143 (S.D.N.Y. 2003) (*Semtek* applies to cases in which a federal court must determine the preclusive effect of an earlier decision from a federal court sitting in diversity); *Mario Valente Collezioni, Ltd. v. AAK Ltd.*, 280 F. Supp. 2d 244, 252 (S.D.N.Y. 2003) (same).

Under Florida law, federal claim preclusion principles would apply to the *Marino* decision. *Agripost, Inc. v. Miami-Dade Cty.*, 195 F.3d 1225, 1230 n.11 (11th Cir. 1999) (recognizing that "Florida court[s] would look to federal claim preclusion law in determining whether to give [a] former federal judgment preclusive effect."); *see Papa John's Int'l, Inc. v. Cosentino*, 916 So.2d 977, 983 (Fla. Dist. Ct. App. 2005).

Under federal law, collateral estoppel applies when "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." *Purdy v. Zeldes*, 337 F.3d 253, 258 (2d Cir. 2003) (quoting *Interoceanica Corp. v. Sound Pilots, Inc.*, 107 F.3d 86, 91 (2d Cir. 1997) (internal quotations omitted)).

In *Marino*, the plaintiff brought a breach of contract claim against Home Depot, alleging that she was overcharged for carpet installation and related fees because Home Depot based its charges on the Quoted Measured Area rather than the Actual Area of the carpeted surface. Order at 1-2. While the case at bar bears numerous similarities to *Marino*, the Court in *Marino* found that "[t]he contract appear[ed] to be devoid of any evidence that informed Plaintiff that she was paying for charges based upon a measurement that was greater than that of her actual home." *Id.* at 5-6. Here, the Agreement specifically provides that the carpet estimate, i.e. the Quoted Measured Area – which Plaintiff does not dispute must be larger than the dimensions of the room to be carpeted (Compl. ¶ 20) – would be used "AS THE QUANTITY FOR PADDING AND CERTAIN LABOR CHARGES," and that "THIS QUANTITY MAY DIFFER FROM THE ACTUAL AREA OF [PLAINTIFF'S] ROOM." Davis Aff., Ex. 2 at 4-5. Moreover, the dispute in *Marino* involved Home Depot's charges for carpet installation, removal of existing carpet and the hauling away of exisiting carpet. Order at 2. The dispute in this case is limited to Home Depot's carpet installation charges. Compl. ¶¶ 23-26.

carpet. Order at 2. The dispute in this case is limited to Home Depot's carpet installation charges. Compl. ¶¶ 23-26.

Because the central facts at issue here are not the same as in *Marino*, I find that Defendant's motion to dismiss is not barred on grounds of collateral estoppel. *See, e.g., Environ. Defense v. U.S. E.P.A.*, 369 F.3d 193, 202 (2d Cir. 2004) ("[c]ollateral estoppel does not apply . . . when the essential facts of the earlier case differ from the instant one").

## CONCLUSION

Based on the foregoing, the Defendant's motion to dismiss is granted.

SO ORDERED

Dated: September 18, 2007
White Plains, New York

_____
MARK D. FOX
UNITED STATES MAGISTRATE JUDGE